VREDENBURGH *v.* NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Second Department.* December 10, 1890.)

1. CARRIERS—INJURIES TO PASSENGERS ALIGHTING—CONTRIBUTORY NEGLIGENCE.
   Plaintiff, a woman 55 years of age, and her daughter, passengers on defendant's train, on its arrival at their station, opened the car door with difficulty, and stepped on the platform, plaintiff preceding her daughter. She was a little dizzy from riding, and carried a large bundle. The daughter proposed to help plaintiff off, but this the latter declined, and, no employe of defendant being near to assist her, was alighting from the steps, when the train was started, and she was thrown to the ground and injured. *Held* that, on the questions of defendant's negligence and plaintiff's contributory negligence in an action for the injuries received by her, a verdict for plaintiff should be sustained.

2. DAMAGES—PERSONAL INJURIES.
   Plaintiff had previously earned seven to eight dollars a week. She had been unable to raise her left arm at the shoulder during the six months since the injury, and had suffered continual pain, and the disability would probably be permanent. *Held,* that a verdict for $6,500 was not excessive.

Appeal from circuit court, Rockland county.

Action by Amelia Vredenburgh against the New York Central & Hudson River Railroad Company for personal injuries received by plaintiff, a woman 55 years of age, while alighting from defendant's train. Plaintiff and her daughter testified, in substance, that they were passengers on the train from Tarrytown to Croton; that, on approaching the latter station, they arose, and, plaintiff being a little dizzy and unsteady on her feet, her daughter passed her, and both went to the forward door of the car; that the daughter found some difficulty in opening the door, whereupon plaintiff opened it, and, preceding her daughter, passed out on the platform of the car, as the train stopped; that plaintiff had a large bundle in her right hand, and her daughter proposed that she should get off first and help plaintiff, which the latter declined; that plaintiff went down the steps, holding with her left hand the forward rail of the car, and looking for some one to assist her in alighting, but, no one being near, was in the act of stepping to the ground, when the train started, and she was thrown to the ground and dragged a short distance while holding the rail.' These facts were substantially undisputed. There was also testimony for plaintiff that her left arm was so injured that from the time of the accident until the trial, six months afterwards, she had been unable to raise the arm upward or outward from the shoulder-joint, and had suffered continual pain; that such disability was likely to continue and increase; that, before the accident, she had earned seven or eight dollars a week as a nurse; and that since she had been unable to do any work, and required the attendance of another person. Evidence for defendant tended to show that the train stopped the usual time, about two minutes; and that

plaintiff's injuries might not be permanent. The jury found a verdict for plaintiff for $6,500. A motion by defendant for a new trial was denied, and judgment for plaintiff was entered on the verdict. From the judgment and the order denying the motion for a new trial, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Calvin Frost,* for appellant. *Irving Brown,* for respondent.

DYKMAN, J. This is an appeal from a judgment entered upon a verdict in favor of the plaintiff, and from an order denying a motion to set aside the verdict on the minutes of the court. The action was for the recovery of the damages resulting from injuries received by the plaintiff while a passenger on the railroad of the defendant. The plaintiff, with her daughter, entered the car of the defendant at Tarrytown, to be carried to Croton, and, as the train slowed up or stopped at Croton she arose and went to the door of the car, which she opened with difficulty, and stepped on the platform, and, as she was about to leave the steps and alight upon the ground, the train was started, and she was precipitated to the ground. The defendant upon the trial made but slight controversy respecting its own negligence, but insisted that the plaintiff contributed her own negligence to the production of the accident. Both questions were submitted to the jury under a charge somewhat severe against the plaintiff, and yet the jury gave her the verdict. We cannot say the testimony was insufficient to justify the verdict, and, on the contrary, we find it ample for that purpose. Complaint is made of the verdict, but it is not so large as to evince the presence of passion or prejudice, and, if the jury believed the testimony introduced by the plaintiff respecting the extent and permanency of her injuries, we can very well see how the verdict was made as it was. We find no reason for interference with the verdict, and the judgment and order should be affirmed, with costs.